UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAGNER WORLD, LLC | CIVIL ACTION |
| VERSUS | NO. 11-882 |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is Defendant's motion to dismiss (Rec. Doc. 10). Having carefully reviewed the parties' opposing and supporting submissions, **IT IS ORDERED** that the motion is **GRANTED** to the extent that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

With respect to Plaintiff's claim seeking a declaration from the Court that it, as opposed to Aberta, Inc., is the rightful owner of the immovable property in question, the Court agrees, for essentially the reasons stated by Defendant in its supporting memoranda (Rec. Docs.10 and 16), that a proper determination of this issue cannot be made in this proceeding absent Aberta's joinder in this suit as a defendant. *See* Fed. R. Civ. P. 19(a). That joinder is not feasible, however, because Aberta's presence would defeat diversity of citizenship subject matter jurisdiction. Further, on the showings made by the parties, the Court is not convinced that it can, in equity and good conscience, determine the ownership question posed by Plaintiff in Aberta's absence. And, given

that the ownership issue already is being litigated by Plaintiff and Aberta in the Louisiana state court system, specifically, in the Louisiana Fourth Circuit Court of Appeal, it is not as if Plaintiff here is being denied any and all judicial determination of this issue. Accordingly, this claim is dismissed. *See* Fed. R. Civ. P. 19(b).

In opposing Defendant's motion, Plaintiff also argues that it additionally seeks a determination of whether it has "good and marketable" or "good and merchantable" title, which purportedly is not impacted by Aberta's presence or absence in the suit. While this may be true if that standard is met by the mere fact that Plaintiff's ownership of the property is being challenged, rather than requiring a determination of ownership, the Court, on the showing made, is nevertheless not convinced that a cognizable claim presently exists. Specifically, ripeness principles require the Court to consider whether disputes before it are ready for judicial determination or, instead, are premature. Here, it is undisputed that the title insurance policy issued by Defendant only indemnifies against "actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by [the] policy and only to the extent [therein] described."[1] Additionally, in the event of litigation, Defendant "shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and a disposition of all appeals therefrom, adverse to the title of the insured."[2] Thus, given that Defendant is bearing the defense and appeal costs associated with the mandamus

---

[1]    *See* Owner's Policy of Title Insurance ("Policy"), Exhibit 4 to Memorandum in Support of Motion to Dismiss (Rec. Doc. 10-5) at ¶7.

[2]    *Id*. at ¶9(b).

2

proceeding, it is not clear to the Court that Plaintiff allegedly has presently suffered actual loss or damage relative to it.

Finally, the Court likewise dismisses Plaintiff's claims for litigation expenses, including attorney's fees, relative to the three other pending state court actions (in addition to the mandamus proceeding) referenced in the parties' submissions.[3]  As Defendant points out, these expenses arise out of suits voluntarily filed by Plaintiff, rather than in defense of suits initiated by a third party, and pose the same ownership question presented (and on appeal) in the earlier filed mandamus action in which Defendant undisputedly has funded Plaintiff's defense.[4]  Significantly, moreover, Defendant apparently did not consent to these additional suits being filed and was not afforded its right to select counsel of its choice.  Thus, according to the policy, it "shall not be liable for and will not pay the fees of any other counsel."[5]  Nor has Plaintiff demonstrated that the policy *required* Defendant to prosecute any of the three suits.[6]

---

[3]     *See* Memorandum in Opposition to Motion to Dismiss, Rec. Doc. 13, at pp. 5-10; and Reply Memorandum in Further Support of Motion to Dismiss, Rec. Doc. 16 at pp. 4-8.  These submissions reference *Wagner World, L.L.C. v. B-Xpress, Louisa, Broadview, L.L.C., and Aberta, Inc.,* Docket No. 10-8315, Division "E," Civil District Court for the Parish of Orleans, State of Louisiana (the "Eviction Suit"), filed August 12, 2010 and September 8, 2011;  *Wagner World, L.L.C., et. al. v. Aberta, Inc., et al.*, Docket No. 700-676,  24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division "I" (the "Jefferson Suit"), filed April 19, 2011; and *Wagner World, L.L.C., et al. v. Aberta, Inc. et al.*, Docket No. 11-4232, Civil District Court for the Parish of Orleans, State of Louisiana,  Division "B" (the "Orleans Rescission Suit"), filed April 20, 2011.

[4]     Plaintiff acknowledges that it filed the "similar" Jefferson Suit and Orleans Rescission suit because of uncertainties regarding venue.  It anticipates, however, that the two will be consolidated or that one of the actions will be dismissed in favor of the other.  *See* Memorandum in Opposition to Motion to Dismiss, Rec. Doc. 13, at p.8, n.14.

[5]     *See* Policy (Rec. Doc. 10-5) at ¶¶4(a) and 7(c) .

[6]     *See id.* at ¶4(b) and (c) (discussing Defendant's "right, at its own cost, to institute and prosecute any action . . . which in its opinion may be necessary or desirable to establish the title .

For the reasons stated herein, the Court is not convinced that it presently is able to offer Plaintiff the judicial relief sought herein. Accordingly, Plaintiff's claims are dismissed without prejudice.

New Orleans, Louisiana, this 3rd day of January 2012.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

. . or to prevent or reduce loss or damage to the insured); *see also id.* at ¶9(discussing performance of Defendant's obligation under the policy and limitation of liability relative to litigation and liability voluntarily assumed by the insured in settling claims or suits without Defendant's prior consent).